**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL GADDY, | No. 13-16981 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-05568-PJH |
| v. | |
| E.B. SHERMAN, Lieutenant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 2, 2014[**]

Before: Gould, Berzon, and Bea, Circuit Judges

California state prisoner Michael Gaddy appeals pro se from the district

court's summary judgment for prison officials in his 42 U.S.C. § 1983 action

alleging excessive force and retaliation. We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment on Gaddy's excessive force claim because Gaddy failed to raise a triable dispute as to whether defendants applied force maliciously and sadistically for the purpose of causing harm. Whatever precipitated the decision to search Gaddy's cell, the video recording documents that Gaddy did not comply with the Defendants' orders to exit his cell and submit to restraints. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm); *see also Scott v. Harris*, 550 U.S. 372, 378-80 (2007) ("when opposing parties tell two different stories, one of which is blatantly contradicted by the record [a video recording of the incident], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.")

The district court properly granted summary judgment on Gaddy's retaliation claims because Gaddy failed to contradict by admissible evidence defendants' evidence that Gaddy and his cellmate had impermissibly covered the windows of their cell on the day of the extractions, obstructing guards' view of

their cell. Gaddy also failed to contradict by admissible evidence that his television was confiscated because of his unpermitted modification of his television. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (to prevail on a retaliation claim, a prisoner must show that the protected conduct was the substantial or motivating factor behind the defendant's conduct).

**AFFIRMED**.